UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                          Criminal Case No. 08-20148

                                          Honorable Patrick J. Duggan

D-1  ELSAYED KAZAM SAFIEDINE
       a/k/a "Tom",

D-2  MARY FAWAZ,

    Defendants.
_____/

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on July 28, 2011.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                        U.S. DISTRICT COURT JUDGE

On March 13, 2008, Defendants Elsayed Kazem Safiedine and Mary Fawaz were indicted on one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371. Before the Court is the government's motion in limine to introduce evidence of Safiedine's prior state tax fraud conviction and Defendants' unreported cash transactions. The matter has been fully briefed by the parties, and the Court dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). For the reasons stated below, the Court grants the government's motion in part and denies it in part.

**I. Factual and Procedural Background**

The Indictment alleges that Defendant Safiedine was an officer or member of three business entities primarily involved in the operation and leasing of gasoline stations: JSC Corporation ("JSC"), MTK Family Investments, and a Michigan partnership named MTK & KLC.  Indictment ¶¶ 2, 4-5, 7.  Defendant Fawaz was allegedly an officer of JSC and served as bookkeeper for all three entities.  *Id.* ¶¶ 3, 6.  Defendants allegedly conspired "to defraud the United States of America for the purpose of impeding, impairing, obstructing and defeating the lawful Government functions of the Internal Revenue Service . . . in the ascertainment, computation, assessment and collection of revenue due and owing . . .."  *Id.* at 2.  This conspiracy allegedly began on or about January 1, 1998, and continued until April 8, 2002.  Defendants allegedly engaged in the following acts in furtherance of the conspiracy: (1) arranging for third parties to negotiate checks payable to JSC from Sunoco Incorporated from 1998 through 2001; (2) failing to report these checks as income on JSC's tax returns from 1998 through 2001; and (3) understating by $175,000 the sale price of a gasoline station sold by MTK & KLC on the partnership's 2000 tax return.  *Id.* at 3.

The government has filed a motion in limine, seeking to introduce evidence of Safiedine's prior state tax fraud conviction and Defendants' unreported cash transactions. Defendants contend that this evidence is entirely inadmissible.

## II. Evidence of Unreported Cash Transactions

The government seeks to introduce evidence of three types of unreported cash transactions, including: (1) Defendants' "skimming" of cash from the gasoline stations' daily receipts; (2) Defendants' "under the table" cash payments to employees, family members, and others; and (3) Defendants' receipts of cash in exchange for checks written

2

to lessees that were improperly characterized as business expenses. The government contends that this is intrinsic evidence of the alleged conspiracy, or alternatively, is admissible pursuant to Federal Rule of Evidence 404(b).

**A. Admissibility as Intrinsic Evidence**

Intrinsic evidence is "'inextricably intertwined'" with evidence of the crime charged. *United States v. Henderson*, 626 F.3d 326, 338 (6th Cir. 2010) (quoting *United States v. Gonzalez*, 501 F.3d 630, 638-39 (6th Cir. 2007)). Acts that are part of a "single criminal episode" or a "continuing pattern of illegal activity" constitute intrinsic evidence of the crime and are not subject to exclusion under Rule 404(b). *United States v. Barnes*, 49 F.3d 1144, 1149 (6th Cir. 1995). Such evidence has also been referred to as "background" or "res gestae" evidence. *United States v. Marlando Hardy*, 228 F.3d 745, 748 (6th Cir. 2000). "Proper background evidence has a causal, temporal or spatial connection with the charged offense." *Id.* "Typically, such evidence is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense." *Id.*

The evidence of unreported cash transactions is admissible as intrinsic evidence of the alleged conspiracy. Skimming and under-the-table payments led to the reporting of reduced revenues, while the alleged exchange of checks for cash would result in increased expenses. Such actions would result in an artificially low reporting of taxable income, fraudulently reducing the federal income tax owed by the taxpayer. The unreported cash transactions are therefore highly probative of the charged conspiracy to defraud the United

3

States through the impairment of revenue collection. These cash transactions have a clear spatial connection with the charged conspiracy, as they were allegedly executed through the operation of the same gas stations used by Defendants to defraud the government. The cash transactions were part of a continuing pattern of activity through which Defendants allegedly conspired to defeat the collection of tax revenue. As additional methods of avoiding tax liability, these transactions are intertwined with the charged conspiracy. The Court therefore concludes that evidence of the cash transactions is admissible as intrinsic evidence.

Defendants argue that evidence of unreported cash transactions is not intrinsic to the charged conspiracy. They attempt to distinguish the cash transactions from the crime charged in the Indictment, which they characterize as a sophisticated scheme using paper transactions and manipulations. Defendants read the Indictment too narrowly. They are charged with conspiring to defraud the United States for the purpose of impeding the assessment and collection of taxes. While the Indictment focuses on more sophisticated methods of fraud, the evidence of unreported cash transactions is also directly probative in establishing a conspiracy to defeat revenue collection. Because this evidence is directly probative of the charged conspiracy, it is admissible as intrinsic evidence.

**B. Admissibility Under Rule 404(b)**

Even if the evidence of cash transactions were not intrinsic to the alleged conspiracy, the Court concludes that it would be admissible under Rule 404(b) as proof of Defendants' intent to defraud the United States. Rule 404(b) provides, in pertinent part:

Evidence of other crimes, wrongs, or acts is not admissible to prove the

4

> character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . ..

To determine whether evidence is admissible under Rule 404(b), the Court must: (1) identify a proper purpose for which the evidence is offered; (2) determine whether the identified purpose is material, that is, "in issue," in the case; and (3) consider whether the evidence is substantially more prejudicial than probative under Federal Rule of Evidence 403. *United States v. Merriweather*, 78 F.3d 1070, 1076-77 (6th Cir. 1996).

The government offers the evidence of cash transactions to establish Defendants' intent to commit the crime of conspiracy. This purpose is expressly permitted under Rule 404(b).

Defendants' intent is certainly material in this case. Where the government has an affirmative duty to prove specific intent because of the defense raised or the elements of the crime charged, intent is at issue and evidence of other acts is admissible under Rule 404(b). *United States v. Johnson*, 27 F.3d 1186, 1192 (6th Cir. 1994). "[C]onspiracy requires proof of specific intent, actual or implied, to violate federal law." *United States v. Searan*, 259 F.3d 434, 441 (6th Cir. 2001). By pleading not guilty to a specific intent offense, the defendant requires the government to bear its burden of establishing intent beyond a reasonable doubt. *United States v. Lattner*, 385 F.3d 947, 957 (6th Cir. 2004). Because Defendants entered pleas of not guilty in this case, their specific intent to commit the crime of conspiracy is at issue. Defendants argue that a not guilty plea does not open the door evidence of unrelated criminal acts in order to establish intent, relying on *United*

*States v. Jenkins*, 593 F.3d 480 (6th Cir. 2010). This reliance is misplaced. The *Jenkins* court concluded that the defendant's not guilty plea placed his intent at issue, but found the offered evidence inadmissible because its probative value was "microscopic at best," and substantially outweighed by its prejudicial impact. *Id.* at 485.

The Court next considers whether the evidence is substantially more prejudicial than probative so as to require exclusion under Federal Rule of Evidence 403. As noted above, the evidence of cash transactions tends to establish Defendants' systematic underreporting of income. Thus, it is highly probative in demonstrating Defendants' intent to defeat the government's tax collection efforts. This evidence could have a prejudicial effect, as it indicates that Defendants engaged in a variety of efforts to defeat tax collection. The Court does not conclude, however, that such evidence would expose Defendants to "the danger of unfair prejudice." *See* Fed. R. Evid. 403. "Evidence that undermines one's defense by virtue of its 'legitimate probative force' does not unfairly prejudice the defendant." *United States v. Holden*, 557 F.3d 698, 705 (6th Cir. 2009) (quoting *United States v. Schrock*, 855 F.2d 327, 335 (6th Cir. 1988)). The balancing of probative value versus unfair prejudice therefore weighs in favor of admitting the evidence of unreported cash transactions.

Defendants argue that the evidence of unreported cash transactions is not probative of their intent to commit the charged conspiracy, relying on *United States v. Bell* for the proposition that evidence of other acts is probative of intent only where those acts were "part of the same scheme or involved a similar *modus operandi* as the present offense." 516 F.3d 432, 443 (6th Cir. 2008). The Sixth Circuit recently noted, however, that *Bell*'s

6

holding conflicts with prior Circuit precedent, and is therefore not controlling. *United States v. DeMarcus Hardy*, No. 08-5991, 2011 U.S. App. LEXIS 10155, at \*12, \*35 (6th Cir. May 19, 2011). Thus, the unreported cash transactions need not involve a similar *modus operandi* as the transactions alleged in the Indictment in order to be probative of Defendants' intent. Accordingly, the Court concludes that the evidence of unreported cash transactions is admissible.

### III. Evidence of Safiedine's State Tax Fraud Conviction

The government also seeks to introduce evidence of Safiedine's state tax fraud conviction. On April 9, 1985, Safiedine was convicted of tax fraud for filing false returns in connection with gasoline sales taxes in 1982. *People v. Safiedine*, 163 Mich. App. 25, 27, 414 N.W.2d 143, 144 (Mich. Ct. App. 1987). The government argues that evidence of this conviction is admissible pursuant to Federal Rules of Evidence 404(b) and 609.

**A. Admissibility Under Rule 404(b)**

In determining whether evidence of Safiedine's tax fraud conviction is admissible under Rule 404(b), the Court follows the same three-step process outlined above. The government contends that the conviction will be offered to establish Safiedine's intent to engage in the conspiracy, his knowledge of his tax obligations, and his absence of mistake in failing to report his true income. These are proper purposes under Rule 404(b).

At least one of these purposes is material in this case, as Safiedine's not guilty plea places his specific intent to commit the charged conspiracy at issue. *Lattner*, 385 F.3d at 957. Whether knowledge and absence of mistake are also at issue is less clear. The government anticipates that Safiedine may claim ignorance as a defense, but he has yet to

do so.  Nor has the government established that either knowledge or absence of mistake is at issue because of the elements of the crime charged.  Regardless, the Court proceeds to the next step of the analysis because intent is at issue.

In weighing the probative value of the conviction versus its prejudicial effect, the Court turns first to the question of intent.  The government contends that Safiedine's state tax fraud conviction is probative of his intent to engage in the charged conspiracy.  The Court disagrees.  The Court cannot see how Safiedine's fraud on the State of Michigan's taxing authorities in 1982 is probative of intent to defraud the Internal Revenue Service from 1998 through 2002, except in establishing a propensity to cheat on taxes.  Such an effect is precisely what Rule 404(b) seeks to prevent.  *Johnson*, 27 F.3d at 1193 (prior conviction cannot be used "to suggest that the defendant is a bad person, a convicted criminal, and that if he 'did it before he probably did it again.'").

Even assuming *arguendo* that knowledge and absence of mistake are at issue in this case, the Court concludes that Safiedine's conviction has little probative value with respect to either.  The government contends that the prior conviction establishes Safiedine's "knowledge of his tax obligations in relation to his gas station businesses."  Pl.'s Br. 12.  This assertion overgeneralizes the scope of the relevant knowledge.  It is unclear how a conviction for the underreporting of state sales taxes establishes knowledge of federal income tax obligations.  For the same reason, the Court concludes that Safiedine's state tax fraud conviction is not probative of his absence of mistake in failing to correctly report his income to the Internal Revenue Service.  The conviction, however, will almost certainly influence the jury, as it indicates that Safiedine has cheated on taxes in the past.  The jury

might conclude for that reason that he likely cheated on taxes again. Because Rule 404(b) bars the use of a conviction as propensity evidence, *Johnson*, 27 F.3d at 1193, the Court concludes that the state tax fraud conviction cannot be admitted pursuant to Rule 404(b).

**B. Admissibility Under Rule 609**

The government seeks to use Safiedine's 1985 state tax fraud conviction to impeach his testimony if he testifies at trial. Rule 609 allows a party to use a prior conviction to attack a witness's character for truthfulness, subject to certain conditions. Rule 609(b) provides, in pertinent part:

> Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

"An important purpose of Rule 609(b) is to avoid convicting criminal defendants as a result of prejudice caused by the cumulative effect of old criminal convictions." *United States v. Sims*, 588 F.2d 1145, 1148 (6th Cir. 1978). "Rule 609(b) creates, in effect, a rebuttable presumption that convictions over ten years old are more prejudicial than helpful and should be excluded." *Id.* at 1150. Such convictions "should be admitted very rarely and only in exceptional circumstances." *Id.* at 1147.

The Court concludes that the probative value of Safiedine's 1985 state tax fraud conviction in attacking his character for truthfulness is substantially outweighed by the danger of unfair prejudice. Although fraud convictions are certainly probative as to a witness's character for truthfulness, the Court notes that Safiedine's conviction is more

9

than twenty-six years old.  Thus, it cannot be expected to be particularly probative with respect to his present character.  *See id.* at 1148 ("stale convictions . . . often shed little light on the present tendency of the witness towards truthfulness and veracity.").  The prejudicial effect of this conviction, however, is likely to be great due to its similarity to the crime charged here.  As Rule 609 guards against conviction based on the cumulative effect of one's criminal record, this similarity weighs heavily against the admission of the conviction for impeachment purposes.  The Court is not convinced that this case presents the sort of "exceptional circumstances" under which such a conviction might be admitted.  Safiedine's conviction therefore cannot be admitted pursuant to Rule 609.

## IV. Conclusion

For the reasons stated above,

**IT IS ORDERED** that the government's motion in limine is **GRANTED IN PART**. The government will not be permitted to introduce evidence of Defendant Safiedine's state tax fraud conviction pursuant to Rules 404(b) and 609, but it may introduce evidence of Defendants' unreported cash transactions.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

Ben Gonek, Esq.
David Griem, Esq.
Tiwana L. Wright, Esq.
Mark W. Kotila, Esq.