UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

Case No. 2:08-20148

v.

Honorable Patrick J. Duggan

D-1 ELSAYED KAZEM SAFIEDINE
a/k/a "Tom", and

D-2 MARY FAWAZ,

        Defendants.
_____/

**ORDER GRANTING DEFENDANT SAFIEDINE'S MOTION TO CORRECT CLEAR ERROR (ECF NO. 145) AND VACATING BOTH THE ORDER (ECF NO. 142) AND AMENDED JUDGMENT OF DECEMBER 19, 2013 (ECF NO. 143) WITH RESPECT TO DEFENDANT SAFIEDINE**

On December 10, 2013, the Court conducted a resentencing hearing for Defendants Elsayed Kazem Safiedine and Mary Fawaz pursuant to a remand from the United States Court of Appeals for the Sixth Circuit. At this hearing, counsel for Defendant Safiedine presented extensive arguments in support of their position with respect to the sentence counsel believed should be imposed for Defendant Safiedine. Defendant Safiedine exercised his right to allocution. Defendant Fawaz's attorney expressed his view as to what he believed would be an appropriate sentence for his client. The Government countered with its sentencing

recommendations. At this hearing, the parties also addressed the issue of restitution.[1]

Due to the complexity of the issues involved, the Court advised the parties that it was taking the matter under advisement and that "the Court will issue an opinion before the end of the year dealing with both the sentence and the restitution." Consistent with that information, the Court, on December 19, 2013, issued an Opinion and Order sentencing Defendant Fawaz to a term of imprisonment of ten months, with credit for time served, followed by a term of supervised release for one year. The Court indicated that Defendant Fawaz would not be required to make restitution and the Court declined to assess any fine against Defendant Fawaz. As to Defendant Safiedine, the Court imposed a prison sentence of ten months, with credit for time served, followed by supervised release for a period of two years. The Court imposed a $6,000 fine upon Defendant Safiedine and further ordered Defendant Safiedine to make restitution in the amount of $2,003, plus interest.

On December 23, 2013, four days after the Court issued its Opinion and Order, Defendant Safiedine filed a "Motion to Correct Clear Error" pursuant to

---

[1] The argument presented at the December 10, 2013 hearing was in addition to a two-day restitution hearing conducted in connection with this matter in late October of 2013.

Federal Rule of Criminal Procedure 35(a).[2] (ECF No. 145.) In this Motion, Defendant Safiedine requests a new sentencing hearing because, despite being present at the December 10, 2013 sentencing hearing and exercising his right to allocution at that time, Defendant Safiedine was not present when the Court announced his sentence following remand, which the Court imposed pursuant to written Opinion and Order issued on December 19, 2013. Defendant Safiedine argues that this procedure was in violation of Federal Rule of Criminal Procedure 43(a), which requires that defendants be present at sentencing.[3] Because the Court advised the parties that it was taking the matter under advisement and would issue an opinion dealing with both the sentence and the restitution and *did not schedule another hearing*, the Court erroneously assumed that the parties were in agreement

---

[2] Federal Rule of Criminal Procedure 35(a) provides: "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Subsection (c) of that rule defines "sentencing" as "the oral announcement of the sentence." Fed. R. Crim. P. 35(c). Although no "sentencing" took place as defined in the Rule due to the Court's imposition of Defendant Safiedine's sentence by way of an Opinion and Order dated December 19, 2013, the Court does not believe that this technicality should preclude it from taking the necessary corrective action.

[3] Unlike Federal Rule of Criminal Procedure 35, Rule 43 does not define sentencing. *See* Fed. R. Crim. P 35(c) (defining "sentencing" as "the oral announcement of the sentence[]"). Binding circuit precedent, however, indicates that "Rule 43 provides a 'general requirement that a defendant must be present upon the imposition of sentence' unless one of its enumerated exceptions applies." *United States v. Garcia-Robles*, 640 F.3d 159, 164 (6th Cir. 2011) (quoting *United States v. Waters*, 158 F.3d 933, 942-43 (6th Cir. 1998)).

that the Court could announce the sentence in a written opinion without Defendant Safiedine's presence.

As a result of the aforementioned misapprehension, and with the utmost respect for Defendant Safiedine's request to be present when the Court sentences him, the Court held a hearing on Monday, December 30, 2013, at which it orally granted Defendant Safiedeine's request to vacate the Amended Judgment issued on December 19, 2013.[4] At this latest hearing, defense counsel presented additional argument and documentation regarding the appropriate tax loss for sentencing purposes. Having filed the exhibits only a few hours prior to the hearing, the Court has given the Government until January 17, 2013 to file a response. A resentencing hearing will be conducted on Tuesday, January 21, 2013, at which the Court will impose Defendant Safiedine's sentence in his presence and will set forth its rationale for the sentence in open court. *See United States v. Garcia-Robles*, 640 F.3d 159, 167 (6th Cir. 2011) (holding that, in the absence of a waiver by a defendant, district courts are required "to announce in 'open court' the reasoning underlying" a sentence upon resentencing following a general remand).

---

[4] Defendant Fawaz has not indicated any objection to the procedure followed. Just prior to the December 30, 2013 hearing conducted in connection with Defendant Safiedine's latest motion, Defendant Fawaz indicated that she "accepts the terms set forth in the Amended Judgment as to Mary Fawaz [(ECF No. 144) entered on December 19, 2013[,]" and waived her right to be present at resentencing. (Waiver of Appearance, ECF No. 148.)

Accordingly,

**IT IS ORDERED** that Defendant Safiedine's Motion to Correct Clear Error (ECF No. 145) is **GRANTED**;

**IT IS FURTHER ORDERED** that the Order entered on December 19, 2013 (ECF No. 142) is **VACATED** as to Defendant Safiedine;

**IT IS FURTHER ORDERED** that the Amended Judgment entered on December 19, 2013 (ECF No. 143) is **VACATED**.

DATED: December 30, 2013

                                              s/PATRICK J. DUGGAN
                                              UNITED STATES DISTRICT JUDGE

**Copies to**:

Tiwana L. Wright, Esq.
Ben M. Gonek, Esq.
Robert E. Forrest, Esq.
James C. Thomas, Esq.